ROLAND L. BELSOME, Judge.
11 This appeal arises from a dispute over property boundaries by adjacent property owners. After a trial on the merits, the trial court ruled in favor of the plaintiffs, Melvin and Neila Barrois, finding that the defendants, Rock and Colleen Panepinto, had not established ownership by acquisitive prescription. For the following reasons, we affirm.

STATEMENT OF FACTUAL AND PROCEDURAL BACKGROUND

The disputed strip of land lies between two Plaquemines Parish properties. The Panepintos own the property situated at 12288 Highway 11, in Jesuit Bend. The Barrois’s own the tract of land adjacent to the Panepinto residence.
The plaintiffs filed suit against the defendants, alleging that a portion of the defendants’ driveway and fence encroached upon their adjoining tract of land by approximately eight feet. The defendants filed an answer, which they later amended to include the affirmative defense of ten-year acquisitive prescription. After a bench trial and the filing of post-trial memoranda, the trial court signed a judgment ordering the defendants to remove the encroaching driveway and fence from the plaintiffs’ land and return it to its original condition. This timely appeal followed.
| ¿DISCUSSION
The sole assignment of error presented by the defendants is that the trial court erred in concluding that they had not acquired the disputed portion of property through ten-year acquisitive prescription.
“The party asserting acquisitive prescription bears the burden of proving all the facts that are essential to support it.” St. John Baptist Church of Phoenix v. Thomas, 08-687, p. 7 (La.App. 4 Cir. 12/3/08), 1 So.3d 618, 623. Ownership of immovable property can be acquired through either a ten-year or a thirty-year prescriptive period. La. C.C. arts. 3473 et seq. A good-faith possessor with just title is subject to the ten-year period. La. C.C. arts. 3475.
The defendants contend that they have just title to the property, sufficient to meet the requirements for ownership by ten-year acquisitive prescription. A title is just for purposes of acquisitive prescription when the deed is regular in form, is valid on its face, and would convey the property if executed by the owner. La. C.C. art. 3483; Ensenat v. Edgecombe, 95-641, 95-642, p. 8 (La.App. 4 Cir. 5/15/96), 677 So.2d 138, 143 (citing Harry Bourg Corp. v. Punch, 94-1557, p. 4 (La.App. 1 Cir. 4/7/95), 653 So.2d 1322, 1325). The title relied upon by one seeking to establish ten-year acquisitive prescription must sufficiently describe the property so as to transfer its ownership. One must be able to identify and locate the property from the description in the deed itself or from other evidence which appears in the public record. Id. This is necessary because one cannot, by the prescription of ten years, acquire property not embraced within the title upon which the plea of *38 prescription is founded. Id. (citing Honeycutt v. Bourg, 588 So.2d 1204, 1207 (La.App. 1 Cir.1991)).
|3The determination of whether property has been acquired through acquisitive prescription is one of fact and subject to the manifest error/clearly wrong standard. Chambless v. Brown, 10-716, p. 3 (La.App. 4 Cir. 12/1/10), 52 So.3d 959, 961 (citation omitted). Likewise, mixed questions of law and fact are also reviewed under the manifestly erroneous standard of review. Chimneywood Homeowners Ass’n, Inc. v. Eagan Ins. Agency, Inc., 10-368, p. 5 (La.App. 4 Cir. 2/2/11), 57 So.3d 1142, 1146 (citation omitted).
The uncontroverted evidence introduced at trial established that the legal description contained in the plaintiffs’ title included the disputed portion of land. Thus, in its reasons for judgment, the trial court found that the defendants “did not satisfy the just title requirement for 10-year acquisitive prescription.” Because the legal property description in the Pa-nepinto title did not encompass the area at issue, a vital requisite for ten-year acquisitive prescription is lacking.
The defendants argue that they had just title, because the description in their act of sale included the improvements associated with the municipal address. The trial court correctly rejected this argument because the legal description controls. See, McClendon v. Thomas, 99-1954 (La.App. 1 Cir. 9/22/00), 768 So.2d 261, (where there is a discrepancy between the plat description and the lot number or municipal address, the plat description controls). Moreover, as noted by the trial court in its reasons, the defendants only obtained title to the improvements situated on the lot described in the deed.[1] Therefore, the Panepintos do not have title to any ^portion of the driveway and fence that are not situated on their lot. Thus, the trial court was correct in concluding that the Panepintos did not possess just title to the property.
Given the facts and evidence presented, we cannot find that the trial court’s determination regarding the acquisitive prescription issue was manifestly erroneous. Accordingly, the matter is affirmed.
AFFIRMED.

. The defendant notes that the deed for Lot or Tract Number Four provided: "That certain lot of ground, together with all buildings and improvements thereon, and all ... appurtenances ... thereunto belonging or in anywise appertaining ... bearing the Municipal No. 12288 Highway 11, Jesuit Bend.” However, this description is misleading, as the deed first identifies the lot and improvements by lot and tract number. Within this description, the lot is further identified by plat, "more fully shown” on a 1993 survey. In the next paragraph, the deed further explains: "Improvements thereon bear the Municipal Number 12288 Highway 11, Jesuit Bend, LA 70037.” Read in context, the municipal address is only identifying the residence, or improvements, associated with the previously identified lot. Thus, any improvements not within the legal description of the lot were not transferred.