# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-1390


**BRETT OWEN BOURQUE**

**VERSUS**

**TRANSIT MIX/TRINITY IND.**


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION – DISTRICT 4
PARISH OF LAFAYETTE, NO. 12-06201
ADAM JOHNSON, WORKERS' COMPENSATION JUDGE

**********

## JIMMIE C. PETERS
## JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and Billy Howard Ezell, Judges.


**REVERSED AND REMANDED.**

**Karl W. Bengtson**
**Bengtson Law Firm, LLC**
**P.O. Drawer 51147-1147**
**Lafayette, LA 70505-1147**
**(337) 291-9119**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Brett Owen Bourque**

**Stephen E. Broyles**
**Glusman, Broyles & Glusman**
**P.O. Box 2711**
**Baton Rouge, LA 70821**
**(225) 387-5551**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Transit Mix Concrete & Materials Company**

**PETERS, J.**

The plaintiff, Brett Owen Bourque, appeals from a judgment by the workers' compensation judge (WCJ) granting a partial summary judgment in favor of the defendant, Transit Mix Concrete & Materials, Company (Transit Mix), limiting its liability for medical treatment received by Mr. Bourque to $750.00. For the following reasons, we reverse and remand for further proceedings.

## DISCUSSION OF THE RECORD

Mr. Bourque suffered a work-related injury to his back on February 3, 1998, while employed as a truck driver by Transit Mix, a Lafayette, Louisiana business. This appeal stems from a September 11, 2012 disputed claim filed by Mr. Bourque based on Transit Mix's failure to authorize medical treatment recommended by Dr. Arnold Feldman, a Baton Rouge, Louisiana pain management physician, and its refusal to reimburse him after the procedure was performed.[1]

Transit Mix, after answering the petition, moved for a partial summary judgment, seeking to limit its liability for the $10,786.12 procedure performed by Dr. Feldman to $750.00 pursuant to La.R.S. 23:1142(B). Following a hearing on the motion, the WCJ took the matter under advisement. On April 22, 2013, the WCJ, in oral reasons, granted the partial motion for summary judgment in favor of Transit Mix, limiting its liability for the nerve procedure to $750.00.

Mr. Bourque perfected this appeal from the WCJ's judgment, raising two assignments of error:

> 1. The Trial Court erred in failing to approve the full reimbursement of medical expenses despite claimant's request for review of "already performed" treatment pursuant [to] RS

---

[1] In his disputed claim, Mr. Bourque further alleged that Transit Mix failed to timely authorize medication, failed to pay medical-related mileage, and interfered with his medical treatment in order to force him to settle his claims under adverse terms. However, these claims are not before us on appeal.

23:1291 (B)(10) and the director's failure to consider the request.

2. The Trial Court erred in failing to require defendant to sustain its motion for summary judgment by establishing that there was no factual issue that it had complied with RS 23:1203 E and with LAC 40 § 2751 E-1.

**OPINION**

Louisiana Code of Civil Procedure Article 966, which governs summary judgment proceedings, has been significantly amended in both the 2012 and 2013 legislative sessions. While the procedure is still favored, and while the goal set forth in La.Code Civ.P. art. 966(A)(2) remains the "just, speedy, and inexpensive determination of every action except those disallowed by Article 969[,]" the requirements of proof have significantly changed. Prior to August 1, 2012, the evidentiary burden in summary judgment matters was set forth in La.Code Civ.P. art. 966(B) (emphasis added), as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions *on file*, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.

However, by 2012 La. Acts No. 257, § 1, the Louisiana Legislature significantly changed La.Code Civ.P. art. 966, and one of those changes included amending and restructuring La.Code Civ.P. art. 966(B).[2] The language cited above was moved to a new subparagraph designated as La.Code Civ.P. art. 966(B)(2), but without the words "on file." To emphasize the significance of the deletion of these two words, the legislature added a subparagraph designated as La.Code Civ.P. art.

---

[2] We note that the Louisiana Legislature's amendment to La.Code Civ.P. art. 966 by 2013 La. Acts No. 391, § 1, again affected the burden of proof elements of the Article. However, the 2012 version of La.Code Civ.P. art. 966 was in effect from August 1, 2012 through July 31, 2013; thus, it governs the summary judgment hearing in April of 2013.

966(E)(2) (emphasis added), which provided that "[o]nly evidence *admitted* for purposes of the motion for summary judgment *shall* be considered by the court in its ruling on the motion." Still, the 2012 amendment did not change the burden of proof applicable to a motion for summary judgment.

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material of fact.

La.Code Civ.P. art. 966(C)(2).

It is well-settled that "[a]ppellate review of the granting of a motion for summary judgment is *de novo,* using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate." *Smitko v. Gulf S. Shrimp, Inc.*, 11-2566, p. 7 (La. 7/2/12), 94 So.3d 750, 755.

Without addressing the merits of Mr. Bourque's appeal, we note that Transit Mix introduced no evidence into the record at the April 11, 2013 hearing on the motion. Although counsel for Transit Mix indicated that it was introducing and filing into evidence the exhibits attached to its motion for partial summary judgment and the April 11, 2013 court minutes indicated that Transit Mix's counsel offered the exhibits into evidence, the WCJ never actually admitted the seven exhibits into evidence.

Although the technical rules of evidence and procedure are relaxed in workers' compensation hearings, an appellate court is bound by the record before it on appeal. *Williams Law Firm v. Bd. of Supervisors of La. State Univ.*, 03-79

3

(La.App. 1 Cir. 4/2/04), 878 So.2d 557.  Pursuant to La.Code Civ.P. art. 966, as amended in 2013, we can only consider that evidence which is offered, introduced, and *admitted* into the record for the express purpose of the summary-judgment hearing.  *See Franklin v. Enterprise Rent-A-Car*, 12-555 (La.App. 3 Cir. 12/5/12), 104 So.3d 720, *writ denied*, 13-399 (La. 4/1/13), 110 So.3d 557.  Based on a lack of such evidence, we are left with nothing on which to base a finding as to the correctness of the WCJ's judgment.  Accordingly, the WCJ's judgment granting a partial summary judgment in favor of Transit Mix is reversed and the matter is remanded for further proceedings.

## DISPOSITION

For the foregoing reasons, the judgment of the WCJ is reversed and the matter is remanded for further proceedings.  The costs of this appeal are assessed to the defendant, Transit Mix Concrete & Materials, Company.

**REVERSED AND REMANDED.**