# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**15-135**


TODD MOREIN, ET UX.

VERSUS

ACME LAND COMPANY


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 74301-A
HONORABLE J. LARRY VIDRINE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JIMMIE C. PETERS
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, John E. Conery, and David Kent Savoie, Judges.


**REVERSED, RENDERED, VACATED, AND REMANDED.**


Conery, J., concurs in the result.

**Mark E. Van Horn
Tracy M. DeGruy
Taggart, Morton, L.L.C.
1100 Poydras Street, Suite 2100
New Orleans, LA 70163-2100
(504) 599-8500
COUNSEL FOR DEFENDANT/PLAINTIFF-IN-
RECONVENTION/APPELLANT:**
    Acme Land Company

**C. Brent Coreil**
**P. O. Drawer 450**
**Ville Platte, LA 70586**
**(337) 363-5596**
**COUNSEL FOR PLAINTIFFS/DEFENDANTS-IN-**
**RECONVENTION/APPELLEES:**
    **Todd Morein**
    **Sandra Stagg Morein**
    **Universal Communications, Inc.**

**Andrew C. Kolb**
**Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.**
**450 Laurel Street**
**Chase Tower North, 20th Floor**
**Baton Rouge, LA 70801**
**(225) 381-7000**
**COUNSEL FOR THIRD-PARTY DEFENDANT/APPELLEE:**
    **Cell Tower Lease Acquisitions, LLC**

**David J. Hemken**
**Cook, Yancey, King & Galloway, APLC**
**P. O. Box 22260**
**Shreveport, LA 71120**
**(318) 221-6277**
**COUNSEL FOR THIRD-PARTY DEFENDANT/APPELLEE:**
    **Global Tower, L.L.C.**

**PETERS, J.**

Acme Land Company, appeals the trial court's grant of summary judgment recognizing Todd Morein and Sandra Stagg Morein as owners of a disputed tract of immovable property in Evangeline Parish, Louisiana, based on ten years acquisitive prescription. For the following reasons, we reverse the grant of summary judgment in favor of the Moreins, render judgment granting the motion for partial summary judgment in favor of Acme Land Company, vacate the judgment denying Acme Land Company a right of way across the Moreins' immovable property, and remand this matter to the trial court for further proceedings.

## DISCUSSION OF THE RECORD

This litigation involves a dispute over the title to twenty-one arpents (eighteen acres) in a twenty-seven arpent (twenty-three acre)[1] tract of immovable property situated partially in Section 49, Township 3 South, Range 2 East, and partially in Section 104, Township 3 South, Range 3 East, Evangeline Parish, Louisiana. Acme Land Company (Acme) purchased the full twenty-seven arpents on January 11, 1910. The cash sale deed wherein Acme acquired ownership of the full twenty-seven arpents describes it and other immovable property purchased at the same time as follows (with the twenty-seven arpent tract being set out in italics):

> A certain tract of prairie land situated at Grand Prairie in St. Landry Parish, containing thirty (30) arpents, bounded on the North by E.J. Conway, South by Public Road, East by E.J. Conway and West by Public Road. (a) Another tract of prairie land, situated as the above, and containing sixty-eight (68) arpents, bounded on the North by tract (c) hereinafter described, on the South by Edward Daire, on the East by tract (b) hereinafter described and on the West by John Elie.

---

[1] Both deeds of acquisition at issue in this litigation describe the property in arpents rather than acres. An arpent is an arcane French land measurement equaling approximately 0.85 acres of land. *LeBlanc v. Thibodeaux*, 615 So.2d 294 (La.1993).

(b) *Another tract of prairie land containing twenty-seven (27) arpents, situated as the above, and bounded on the North and South by Jean Bte. F. Fontenot, on the East by Mde. Hildevert Deshotel, and on the West by tract (a) above described.*

(c) A certain tract of woodland, situated as the above, containing twenty-five (25) arpents, bounded North by Onezime Brignac, East by Joseph David, South by tract (a) above described, and West by Samuel Haas.

(d) All the ginning machinery and out fit situated on the hereinabove described property. All the above being the same property acquired by H. Lichtenstein & Son by Sheriff Sale from Onezime Brignac, on Sept. 23, 1906, recorded in Conveyance Book I-4, page 243, in Mortgage Book 46, page 15 et seq. and in Sheriff Deed Book H. page 98, parish of St. Landry.

In 1910, the property purchased by Acme was located in what was then St. Landry Parish. Subsequently, that particular area was carved out with other immovable property to establish what is today Evangeline Parish, and the deed of acquisition is duly recorded in the conveyance records of Evangeline Parish.

From the time of its acquisition of the twenty-seven arpents, through the trial on the motions now before this court, Acme annually paid the property taxes but did little else with the immovable property until 1975, when it granted Louisiana Intrastate Gas Company (Louisiana Gas) a pipeline right-of-way across the tract. In 1990, Acme leased the twenty-seven arpents to Devco Exploration, Inc. for oil, gas, and mineral exploration; and between 1997 and 2011, entered into hunting leases covering the tract on at least five occasions. At some time during Acme's ownership of the immovable property, someone constructed a fence traversing the tract from east to west along the northernmost portion of the tract. The twenty-one arpents at issue in this litigation lie to the south of this fence.

Todd Morein and Sandra Stagg Morein are husband and wife, who began possessing the twenty-one arpents in 1998, after they purchased a twenty-seven

arpent tract of immovable property, shaped similarly to that owned by Acme and lying immediately to the south and east of the Acme property.[2] The cash sale deed was recorded in the Evangeline Parish conveyance records on February 13, 1998, and describes the purchased property as follows:[3]

> A certain tract or parcel of land together with all buildings and improvements thereon and thereto appertaining, if any, containing twenty-seven (27) arpents, more or less, located in Section 49, T-3-S, R-2-E and Section 104, T-3-S, R-3-E, in the Tate Cove area, Parish of Evangeline, Louisiana, and being bounded, now, or formerly, on the north by Leonard Ardoin, South by J.E. Ortego and the estate of Sam Haas or assigns[,] East by J.E.Vidrine, and West by H. Lichenstein and Sons and the estate of Sam Haas or assigns.
>
> Being the same property acquired by Shirley Fontenot Soileau, et al from Stella Deshotel Fontenot by Cash Sale dated July 2, 1986, bearing Original Act No. 433608, recorded in Conveyance Book C-124 at page 342; and by Jack Henry Deshotels from Henry Clay Deshotels, et al. by Donation dated February 25, 1994, recorded in Conveyance Book C-196 at page 379 bearing Original Act No. 479179; and by Judgment of Possession dated September 20, 1993 in the Succession of Hubert Lee Deshotels bearing Probate Docket No. 8434, on the Docket of the 13th Judicial District Court in and for Evangeline Parish, Louisiana and recorded in Conveyance Book C-192 at page 449, all records of Evangeline Parish, Louisiana.

The Moreins acknowledge that their title does not encompass the twenty-one arpents at issue, but assert that Mr. Morein walked across both tracts before he purchased their twenty-seven arpents, and he assumed the fence line on the northern portion of the Acme property would be his northern property line if he made the purchase. Since 1998, they have exercised physical possession of the

---

[2] The vendors in the cash sale deed to the Moreins were identified as Wanda Faye Fontenot Vidrine and her husband, Carl Norbert Vidrine; Joyce Marie Fontenot; Claudia Fontenot Racca; Patricia Fontenot Vidrine and her husband, Andrew Derward Vidrine; jack Henry Deshotels; Shirley Fontenot Soileau and her husband, Jessie Dean Soileau; Marie Sandra Deshotels; and Betty Ann Deshotels Michot and her husband Noah Michot.

[3] The cash sale deed describes other immovable property not at issue in this litigation.

twenty-one arpents by constructing a small lake[4] with a camp house on its northern-most shore, and by constructing a tower[5] immediately above the boundary between the two tracts. Although they claim to have paid property taxes on the entire forty-eight arpents since 1998, the receipt from the Evangeline Parish Tax Assessor filed in support of this assertion reflect that they are assessed only with twenty-seven arpents.

Sometime in the summer of 2013, Acme became aware of the fact that the Moreins were possessing part of Acme's twenty-seven arpents. On August 8, 2013, James R. Morton, Acme's president and an attorney with the New Orleans, Louisiana firm of Taggart Morton, forwarded a letter to Mr. Morein, which read in pertinent part:[6]

> We are the attorneys for Acme Land Company. Acme is the owner of the above captioned property and additional property that is contiguous to this tract to the north and east. You appear to own an adjacent 27 arpent tract, which is to the south and east of Acme's property. It has recently come to Acme's attention that you have constructed structures on the property owned by Acme. These structures include a cell tower, a building that may best be described as an outdoor kitchen, and a lake. None of these structures were constructed with Acme's permission or with its knowledge.
>
> While we are still in a fact gathering mode, Acme has had title abstracts prepared of both Acme's property and the property you own that is adjacent to Acme's property to the south and east. These abstracts confirm that the structures listed above are in fact located on Acme's property. There are a number of documents in Acme's chain of title that confirm Acme's ownership of this tract and there are a number of documents in your chain of title that clearly indicate that you own the property to the south and east of Acme's property. The descriptions of your property indicate that your property is bounded to the north and west by either the property of Acme Land Company or

---

[4] The small lake is primarily situated on the Moreins' twenty-seven arpents, but extends over the boundary line between the two properties onto the southern part of Acme's twenty-seven arpents.

[5] Acme refers to this tower as a "cell" tower and the Moreins deny that classification. We will simply refer to it as a "tower."

[6] The letter referenced "Acme Land Company – Evangeline Parish, Louisiana – 27 Arpent Tract in Section 49, T3S, R2E, and Section 104, T3S, R3E."

4

the property of H. Lichtenstein (H. Lichtenstein sold this property to Acme in 1910, which sale was recorded in 1938).

In his letter, Mr. Morton requested that the Moreins and/or the tower operator produce financial and operational documentation and summarized the letter by stating, "Once we have all of the facts, we can see if there is a basis on which we may be a able to resolve matters on an amicable basis."

The Moreins did not produce the documentation requested by Mr. Morton. Instead, on August 23, 2013, they filed a possessory action naming Acme as the only defendant and claiming that Mr. Morton's letter constituted a disturbance of their possession. Additionally, they asserted in their possessory action that they had acquired title to the twenty-one arpents titled in Acme's name by good faith acquisitive prescription. Acme initially responded by answering the petition, filing a reconventional demand against the Moreins, and filing third-party demands against various parties associated with the tower operation.[7]

While numerous pleadings have been filed in these proceedings, this appeal arises from a motion for partial summary judgment filed by Acme on September 2, 2014, and a separate motion for summary judgment filed by the Moreins on September 11, 2014. In its motion for partial summary judgment, Acme asserted that no genuine issue of material fact existed to question its ownership by title of the twenty-one arpents, and as a matter of law, it was entitled to a judgment recognizing that it had just title to the immovable property. On the other hand, the Moreins asserted in their motion for summary judgment that they "had peaceful, quiet and unequivocal possession of the disputed property in good faith as owners since 1998," and the relief they sought was that "the boundaries of the disputed 18

_____

[7] These periphery claims resulted in responses creating additional claims against various parties. However, these subsequent claims are not at issue in this litigation.

5

acre tract should be fixed as set forth in the Louisiana Code of Civil Procedure Articles 3473, 3475, and 3786."[8]

After an October 6, 2014 hearing on the motions, the trial court took the issues under advisement. On November 6, 2014, the trial court issued written reasons for judgment finding that although Acme had record title to the twenty-one arpents, the Moreins had superior title based on ten-years acquisitive prescription. On November 18, 2014, the trial court executed a judgment that, among other things, recognized the Moreins as owners of the twenty-one arpents (expressed in acres in the judgment). In the judgment, the trial court stated that it had "considered the pleadings, motions, attachments to motions, exhibits, evidence, documents submitted by counsel for all parties, memorandums and briefs, affidavits, and the entire record" in reaching its decision, and it provided a new property description based on a survey it attached to the judgment. On December 3, 2014, the trial court executed an amended judgment to correct an error in the property description set forth in the November 18, 2014 judgment. The final new property description is as follows:

> A certain tact or parcel of land together with any improvements thereon and thereto appertaining being located in Section 49, Township 3 South, Range 2 East, and in Section 104, Township 3 South, Range 3 East of Evangeline Parish Louisiana containing 18.033 acres and designated as Tract 3 on that plat of survey submitted in evidence made by Morgan Goudeau & Associates, consulting engineers and land surveyors dated September 10, 2013 and being bounded on the Northeast by Acme Land Company or assigns; on the Southeast by Tract 2 of said plat; on the Southwest by Tiger Bend or assigns; and on the Northwest by Acme Land Company or assigns. A copy of said plat is attached to this judgment and marked "Judgment Exhibit A" for reference.

---

[8] We interpret the reference to La.Code Civ.P. arts. 3473 and 3475 to be erroneous and that it was intended to be a reference to La.Civ.Code art. 3473 (acquisition by ten years acquisitive prescription) and La.Civ.Code art. 3475 (setting forth the requisites for ten year acquisitive prescription). Additionally, the Louisiana Code of Civil Procedure does not contain an article numbered 3786, and we interpret this as a typographical error which was intended to reference La.Civ.Code art. 3486 (thirty-year bad-faith acquisitive prescription).

Thereafter, Acme perfected this appeal, asserting eight assignments of error:

1.  The district court erred when it determined that the property description in the Moreins' deed described and embraced the portion of the Acme Property where the improvements were located.

2.  The district court erred when it relied on the term "more or less," words of safety and precaution intended to cover only some slight or unimportant inaccuracy in the frontage, depth or quantity in the land conveyed, to enlarge from 27 to 48 arpents the property described by the Moreins' deed in order that the deed become a "just title" embracing the additional acreage owned by Acme where the Moreins had constructed improvements.

3.  The district court improperly considered extrinsic evidence and gave priority to a quantity call to modify the unambiguous property description, at variance to five surveys interpreting the parties' deeds that agreed on the property line, the designated boundaries described in the deed, artificial monuments shown by survey planted on the agreed property line, and the public record.

4.  The district court erred when it ruled for purposes of the ten-year acquisitive prescription under La. Civ. Code art. 3475 the Moreins held a "just title" that described the Acme Property where the improvements were located.

5.  The district court erred when it granted summary judgment finding that Morein's [sic] were in "good faith" for purposes of the plea of the ten-year acquisitive prescription.

6.  The district court erred when it granted the Moreins' motion for summary judgment despite the presence of numerous material disputed facts.

7.  The district court erred when it denied Acme's motion for partial summary judgment on the issue of "just title."

8.  The district court erred by flipping the burden of proof in order to grant summary judgment dismissing Acme's claim for access to a public road and by misreading an easily understood, unambiguous property description.

# OPINION

Given the recent legislative action addressing summary judgment, the law pertaining to the subject was recently revisited by this court in *Matte v. Brown*, 14-644, pp. 3-5 (La.App. 3 Cir. 12/10/14), 154 So.3d 774, 777-78:

> The appellate review of summary judgment is well settled. *Bourque v. Transit Mix*, 13-1390 (La.App. 3 Cir. 5/7/14), --- So.3d ---. "Appellate review of the granting of a motion for summary judgment is de novo, using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate." *Smitko v. Gulf S. Shrimp, Inc.*, 11-2566, p. 7 (La.7/2/12), 94 So.3d 750, 755.
>
> Although amended multiple times in the last three years, summary judgment proceedings are still favored and are "designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969." La.Code Civ.P. art. 966(A)(2). That article further provides:
>
> > The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. If the motion for summary judgment is denied, the court should provide reasons for the denial on the record, either orally upon rendition or in writing sua sponte or upon request of a party within ten days of rendition.
>
> La.Code Civ.P. art. 966(B)(2).
>
> Moreover, the burden of proof remains the same:
>
> > The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

8

La.Code Civ.P. art. 966(C)(2).

The most significant change to summary judgment procedure relates to the requirements of proof. Louisiana Code of Civil Procedure Article 966(F) (emphasis added) now provides:

(1) A summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time.

(2) Evidence cited in and attached to the motion for summary judgment or memorandum filed by an adverse party is deemed admitted for purposes of the motion for summary judgment unless excluded in response to an objection made in accordance with Subparagraph (3) of this Paragraph. Only evidence admitted for purposes of the motion for summary judgment may be considered by the court in its ruling on the motion.

(3) Objections to evidence in support of or in opposition to a motion for summary judgment may be raised in memorandum or written motion to strike stating the specific grounds therefor.

A possessory action is an action by the possessor of immovable property to maintain or regain possession of that property following a disturbance or an eviction of his or her possession. La.Code Civ.P. art. 3655. On the other hand, a petitory action is an action by a person claiming ownership of immovable property that is currently in the possession of another, who also claims ownership. La.Code Civ.P. art. 3651. The possessory action and the petitory action may not be cumulated in the same suit. La.Code Civ.P. art. 3657. When a plaintiff "cumulate[s] the petitory and the possessory actions in the same suit or plead them in the alternative . . . he waives the possessory action." *Id.* Additionally, "[w]hen, except as provided in Article 3661(1)-(3), the defendant in a possessory action asserts title in himself, in the alternative or otherwise, he thereby converts the suit

9

into a petitory action, and judicially confesses the possession of the plaintiff in the possessory action."[9] *Id.*

In this case, the Moreins initially asserted both a possessory action and a claim of ownership by adverse possession. This cumulation of actions effected a waiver of their possessory action pursuant to La.Code Civ.P. art. 3657. Additionally, Acme's pleadings had the effect of converting the Moreins' suit to a petitory action and amounted to a judicial confession by Acme that the Moreins had possession of the immovable property at issue. *Id.* Thus, the matter before us is in the nature of a petitory action.

The burden of proof at trial in a petitory action depends upon whether the plaintiff claiming ownership is in possession of the property.

> To obtain a judgment recognizing his ownership of immovable property, the plaintiff in a petitory action must: (1) prove that he acquired ownership from a previous owner or by acquisitive prescription, if the court finds that the defendant is in possession of the property; or (2) prove a better title thereto than the defendant, if the court finds that the latter is not in possession thereof. Therefore, the first issue that must be determined in a petitory action is the question of current possession. *Mt. Everett African Methodist Episcopal Church v. Carter*, 96-2591 (La.App. 1st Cir.12/29/97), 705 So.2d 1179, 1181. The defendant's possession, or lack of it, determines the burden of proof imposed on the plaintiff. *See* LSA-C.C.P. art. 3651, Official Revision Comments (a); *Joffrion v. Scioneaux*, 506 So.2d 512, 513-14 (La.App. 1st Cir.1986), *writ denied*, 505 So.2d 1132 (La.1987). When the titles of the parties are traced to a common author, he is presumed to be the previous owner. LSA-C.C.P. art. 3653; LSA-C.C. arts. 531 and 532.

*Griffin v. Daigle*, 99-1942, pp. 6-7 (La.App. 1 Cir. 9/22/00), 769 So.2d 720, 724-25, *writ denied*, 00-3406 (La. 2/2/01), 784 So.2d 648.

Following this rationale, at a trial on the merits, the Moreins would have the burden of establishing by a preponderance of the evidence that they had better title to the immovable property than Acme. However, their burden on summary

---

[9] Louisiana Code of Civil Procedure Article 3661(1)-(3) refers to the use of evidence of title to establish possession in a possessory action.

10

judgment is to establish that there is no genuine issue of material fact that they have better title to the immovable property than has Acme and that they are entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B)(2).

Although Acme clearly has record title to the immovable property at issue, "[o]wnership of immovable property under record title may be eclipsed and superseded by ownership acquired under prescriptive title." *Rodessa Oil & Land Co. v. Perkins*, 47,378, p. 8 (La.App. 2 Cir. 8/8/12), 104 So.3d 52, 56-57. Additionally, "[t]he party asserting acquisitive prescription bears the burden of proving all the facts that are essential to support it." *Phillips v. Fisher*, 93-928 (La.App. 3 Cir. 3/2/94), 634 So.2d 1305, 1307, *writ denied*, 94-813 (La. 5/6/94), 637 So.2d 1056.

Louisiana Civil Code Article 3473 provides that "[o]wnership and other real rights in immovables may be acquired by the prescription of ten years." The requisites for establishing ownership by ten years prescription are set forth in La.Civ.Code art. 3475 and are "possession of ten years, good faith, just title, and a thing susceptible of acquisition by prescription." However, if the possessor cannot establish either just title or possession in good faith, he can still acquire ownership in immovable property by thirty years possession. La.Civ.Code art. 3486. Although the Moreins may have asserted ownership through thirty years possession by referencing La.Code Civ.P. art. 3786 in their motion for summary judgment, they presented no evidence to support that claim. Thus, we are left only with their claim of ownership by ten years possession.

There is no factual dispute concerning the first and last of the four requisites found in La.Civ.Code art. 3475. The twenty-one arpents at issue in this litigation are susceptible of acquisition by prescription, and the Moreins had possession of

the immovable property for a period in excess of ten years before receiving the August 8, 2013 letter from Mr. Morton. However, we find that the trial court erred in finding that there exists no genuine issues of material fact concerning the Moreins just title to the twenty-one arpents, as well as their good faith with regard to their possession.

With regard to the issue of title, La.Civ.Code art. 3484 provides that "[a] just title is a juridical act, such as a sale, exchange, or donation, sufficient to transfer ownership or another real right. The act must be written, valid in form, and filed for registry in the conveyance records of the parish in which the immovable is situated." Additionally,

> The title relied upon by one seeking to establish ten-year acquisitive prescription must sufficiently describe the property so as to transfer its ownership. One must be able to identify and locate the property from the description in the deed itself or from other evidence which appears in the public record. [*Ensenat v. Edgecombe*, 95-641, 95-642 (La.App. 4 Cir. 5/1596), 677 So.2d 138.] This is necessary because one cannot, by the prescription of ten years, acquire property not embraced within the title upon which the plea of prescription is founded. *Id.* (citing *Honeycutt v. Bourg*, 588 So.2d 1204, 1207 (La.App. 1 Cir.1991)).

*Barrois v. Panepinto*, 13-577, p. 2 (La.App. 4 Cir. 1/8/14), 133 So.3d 36, 37.

In the matter before us, the trial court used the "more or less" reference in the 1998 cash sale deed when referring to the twenty-seven arpents transferred to expand the area from twenty-seven arpents (twenty-three acres) to forty-eight arpents (forty-one acres). Additionally, the trial court used the description by boundaries to conclude that the cash sale deed encompassed the additional twenty-one arpents.

Evidence conflicting with the trial court's conclusion on this issue includes excerpts from Mr. Morein's deposition testimony to the effect that when he purchased the property in 1998, none of the vendors pointed out the property parameters and he did not ask; he purchased without obtaining a survey; and no

12

one told him he was purchasing anything more than what was described on the cash sale deed. When asked if he believed he had title to the twenty-one arpents, Mr. Morein stated that he believed he did, but by possession, rather than by title.

Additionally, when Mr. Morein finally did obtain a survey, it did not support the trial court's conclusion that the "more or less" reference expanded the purchase from twenty-seven to forty-eight arpents. That survey, which reflects a preparation date of September 10, 2013, describes two tracts, TRACT 2 and TRACT 3. TRACT 3 is set out in metes and bounds, is 22.740 acres in size, and is described as "AREA BY TITLE." The tract identified as TRACT 3 is also set out in metes and bounds, is 18.033 acres in size, and is described as "AREA BY POSSESSION."

Given the record before us, the Moreins failed to produce a title that sufficiently described the twenty-one arpents so as to transfer ownership to them. Furthermore, as established by the Moreins' survey, one cannot locate the twenty-one arpents from the description on the 1998 cash sale deed or other evidence in the public records. Accordingly, there still exist genuine issues of material fact relative to the requisite of proof associated with a claim of ten-years good-faith prescription.

We also find that the trial court erred in concluding that there exists no genuine issue of material fact concerning the Moreins' good faith. When asked in his deposition whether he had title to the twenty-one arpents, he replied, "I can't answer that question." Michael Vidrine, one of the individuals holding a hunting lease from Acme, testified in his deposition that he informed Mr. Morein that the twenty-one arpents belonged to Acme and that he should obtain a survey to

13

establish the parameters of the property he had purchased. He stated that Mr. Morein simply ignored the suggestion and told him to stop hunting on the tract.

Louisiana Civil Code Article 3480 provides, "For the purposes of acquisitive prescription, a possessor is in good faith when he reasonably believes, in light of objective considerations, that he is owner of the thing he possesses." Furthermore, good faith is presumed and is rebutted upon proof that the owner knew or should have known that he did not possess the property as owner. La.Civ.Code art. 3481. "It is sufficient that possession has commenced in good faith; subsequent bad faith does not prevent the accrual of prescription of ten years. La.Civ.Code art. 3482.

In *FMC Enterprises, L.L.C. v. Prytania St. Mary Condominiums Association, Inc.*, 12-1634, pp. 16-17 (La.App. 4 Cir. 5/15/13), 117 So.3d 217, 227-28, the court stated:

> Summary judgment is rarely appropriate for a determination based on subjective facts such as intent, motive, malice, knowledge or good faith. *Quinn v. RISO Investments, Inc.*, 03-0903, p. 6 (La.App. 4 Cir. 3/3/04), 869 So.2d 922, 927. One reason summary judgment is seldom used for the determination of subjective facts is because it calls for credibility evaluations and the weighing of testimony. *Louisiana AG Credit, PCA v. Livestock Producers, Inc.*, 42,072, p. 12 (La.App. 2 Cir. 4/4/07), 954 So.2d 883, 891. Additionally, the circumstantial evidence usually necessary for proof of motive or intent requires the trier-of-fact to choose from competing inferences, a task not appropriate for a summary judgment ruling. *Id.*
>
> Nevertheless, Louisiana jurisprudence has held that a motion for summary judgment based on knowledge or good faith is appropriate when there is no issue of material fact concerning the pertinent intent. *Haney v. Delta Petroleum Co., Inc.*, 01-0636, p. 5 (La.App. 4 Cir. 3/6/02), 811 So.2d 1200, 1203; *Jones v. Estate of Santiago*, 03-1424, p. 6 (La.4/14/04), 870 So.2d 1002, 1006 (quoting Smith, 93-2512 at p. 28, 639 So.2d at 751). Summary judgment is not precluded as a matter of law when the issue is one concerning knowledge or intent; rather it depends on the particular facts presented in the documentary evidence accompanying the motion. *Id.* Even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation. *Id.*

14

We find that absent credibility determinations and weighing the testimony, there exist genuine issues of material fact concerning the good-faith issue. Thus, the trial court erred in reaching its good-faith finding.

Our findings on the "just title" and the "good faith" issues resolve all of the issues raised by Acme's first seven assignments of error and requires that we reverse the trial court's grant of summary judgment relief to the Moreins and that we grant the partial summary judgment relief requested by Acme. That still leaves us with Acme's eighth assignment of error.

In its eighth assignment of error, Acme asserts that the trial court erred in dismissing its clam for access to a public road in the summary judgment hearing. This is an issue in the litigation raised by Acme's reconventional demand, wherein Acme sought a right of way through the Moreins' twenty-seven arpent tract containing the twenty-one arpents at issue in this litigation.

On this issue, the judgment reads as follows:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Reconventional Demand of Acme Land Company seeking a right of way through Plaintiffs [sic] property for access to the remainder of the property owned by Acme Land Company is dismissed, without prejudice.

However, that issue was not raised in Acme's motion for partial summary judgment or in the Moreins' motion for summary judgment and "[a] summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time." La.Code Civ.P. art. 966(F)(1). We find merit in this assignment of error as well.

## DISPOSITION

For the foregoing reasons, we reverse the grant of summary judgment to Todd Morein and Sandra Stagg Morein, finding that they acquired title to the

immovable property described in the December 1, 2014 trial court judgment; reverse the denial of the partial summary judgment filed by Acme Land Company and grant Acme Land Company a partial summary judgment recognizing that it holds record title to the immovable property described in the December 1, 2014 trial court judgment; vacate the trial court's judgment denying Acme Land Company a right of way across the Morein's immovable property; and remand the matter to the trial court for further proceedings. We assess all costs of this appeal to Todd Morein and Sandra Stagg Morein.

**REVERSED, RENDERED, VACATED, AND REMANDED.**