NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 14-700


HENRY PATTERSON, ET AL.

VERSUS

SAFEWAY INS. CO. OF LOUISIANA, ET AL.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 13-C-3046-B
HONORABLE MARION F. EDWARDS, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


**BILLY HOWARD EZELL**
**JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of Marc T. Amy, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.


**REVERSED AND RENDERED.**

**Sherman Stanford**
**Alex Z. Stanford**
**P. O. Box 1237**
**Opelousas, LA 70570**
**(337) 948-4113**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Henry Patterson**
    **Regina Tyler**

**Michael D. Bass**
**P. O. Box 92807**
**Lafayette, LA 70509**
**(877) 323-8040**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Safeway Ins. Co. of Louisiana**
    **Jamaican J. Major**

**EZELL, Judge.**

Safeway Insurance Company of Louisiana appeals the decision of the trial court below rejecting its defense of material misrepresentation by its insured and casting it in judgment for an auto accident. For the following reasons, we reverse the decision of the trial court and render judgment in favor of Safeway.

On April 25, 2013, Henry Patterson and Regina Tyler (the plaintiffs) were sitting in their parked car when it was struck by a 1996 Infinity driven by Jamaican Major. Mr. Major backed into their car. The plaintiffs filed suit against Mr. Major and Safeway, who had issued an insurance policy on the vehicle to Daniel Manuel. Mr. Manuel had purchased the vehicle in a simulated sale from Mr. Major the preceding November. At that time, Mr. Manuel applied for an insurance policy for the car, claiming he was the primary driver. However, that proved not to be the case, as the vehicle remained in Mr. Major's possession the entire time.

The trial court entered judgment in favor of the plaintiffs against Safeway and Mr. Major for damages from the accident. From that decision, Safeway appeals.

Safeway asserts two assignments of error on appeal. First, it claims that the trial court erred in casting Mr. Major in judgment after he had been dismissed prior to the trial. Secondly, Safeway argues that the trial court erred in finding misrepresentations made by Mr. Manuel in applying for coverage were immaterial.

As noted in *Talbert v. State Farm Fire & Cas. Ins. Co.*, 07-211, p. 12 (La. App. 4 Cir. 11/14/07), 971 So.2d 1206, 1214:

> It is a well settled principle that an appellate court may not set aside a trial court's finding of fact unless it is clearly wrong. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and

inferences are as reasonable. *Rosell v. ESCO,* 549 So.2d 840, 844 (La.1989); *Harvey v. Cole,* 00-1849 (La.App. 4 Cir. 1/23/02), 808 So.2d 771, 776. Moreover, a trial court's finding regarding an insured's intent to deceive is a factual finding governed by the manifest error standard of review. *Holt v. Aetna Casualty & Surety Co.,* 28,450, 28,451, 28,452 (La.App. 2 Cir. 9/3/96), 680 So.2d 117.

The law surrounding La.R.S. 22:860 (previously La.R.S. 22:619) has been set forth as follows:

> A prospective insured has a duty to inform the insurer of all facts which might be used in determining whether the insurance policy will be written. *St. Paul Fire and Marine Ins. Co. v. St. Clair,* 193 So.2d 821 (La.App. 1st Cir.1966), *writ denied,* 250 La. 375, 195 So.2d 646 (1967). Pursuant to La. R.S. 22:619, an insurance policy may be voided if (1) the insured made a false statement in the insurance application, (2) the false statement was material, and (3) it was made with the intent to deceive. *West v. Safeway Ins. Co. of Louisiana,* 42,028 (La.App. 2 Cir. 3/21/07), 954 So.2d 286. Because of the inherent difficulties of proving intent, strict proof of fraud is not required to show intent to deceive. *Willis v. Safeway Insurance Company of Louisiana,* [42,655 (La.App. 2 Cir. 10/24/07), 968 So.2d 346]. The insurer claiming the defense of material misrepresentation in order to avoid coverage bears the burden of proving that the insured misrepresented a material fact and did so with the intent to deceive. *Cousin v. Page,* 372 So.2d 1231 (La.1979). The intent to deceive must be determined from the attending circumstances which indicate the insured's knowledge of the falsity of the representations made in the application and his recognition of the materiality thereof, or from circumstances which create a reasonable assumption that the insured recognized the materiality of the misrepresentations. *Willis, supra.*

*State Farm Mut. Auto. Ins. Co. v. Bridges*, 45,162, pp. 4-5 (La. App. 2 Cir. 5/19/10), 36 So.3d 1142, 1146-47 (footnote omitted).

To prove materiality of any alleged false statements, the insurer must establish that these misstatements materially affected the risk assumed by the insurer. La.R.S. 22:860(B); *Deutschmann v. Rosiere*, 02-2002 (La.App. 4 Cir. 4/9/03), 844 So.2d 1082; *Watson v. Life Ins. Co. of Louisiana,* 335 So.2d 518 (La.App. 1 Cir. 1976). "'Material'" means that the statement must have been of such a nature that, had it been true, the insurer either would not have contracted or

2

would have contracted only at a higher premium rate." *Talbert,* 971 So.2d at 1213 (citing *West*, 954 So.2d 286). Even if the information provided by the applicant is false, if the insurance company would have issued the policy anyway, the misrepresentation is not "material." *Davis v. State Farm Mut. Auto. Ins. Co.,* 415 So.2d 501 (La.App. 1 Cir. 1982).

Despite the deference afforded to the trial court's factual findings, we must find that the trial court was clearly wrong in rejecting Safeway's material misrepresentations defense.

Mr. Manuel clearly made false statements that were material to the issuance of the policy in question. On the application for the policy, Mr. Manuel warranted that he would be the primary driver of the covered vehicle. He never stated, in any way, that Mr. Major would be a driver, listing only himself in the application. However, he tellingly testified that in the time between the fabricated sale of the vehicle to him and the accident, he drove the vehicle a grand total of zero times. He further testified that the vehicle stayed exclusively at Mr. Major's residence, that the vehicle registration and the insurance premiums were paid with Mr. Major's money. Mr. Manuel stated that Mr. Major could not get insurance because he did not have a valid driver's license and that he was simply trying to help his friend get his life together. As noble as Mr. Manuel's sentiments may have been, he still clearly made blatantly false statements on the insurance application.

Rhonda Marshall, an underwriter for Safeway, testified that the information on applications affects the premiums charged for policies. She noted that who the primary driver of a vehicle would be is material in deciding what to charge for a policy, or if a policy were to be issued at all. We find this testimony to be obvious to the point of being self-evident. She further stated that not listing who the

primary driver would be on an application would be a material misrepresentation. In this case, where the listed driver never even once drove the vehicle, we completely agree.

As to whether the representation was made with the intent to deceive, it is evident from the attendant circumstances that Mr. Manuel and Mr. Major knew the falsity of the representation as to the possession of the vehicle and who would be the primary driver. Both men knew Mr. Major could not get insurance himself, as he did not have a license. It is reasonable to assume that they recognized the materiality of this representation given the lengths the two men took to make it seem as if Mr. Manuel were the driver for the purposes of getting insurance. It is clear that they had intent to deceive Safeway so that Mr. Major could get insurance he could not procure by himself. For those reasons, we find that the trial court committed manifest error in rejecting Safeway's defense of material misrepresentation.

Safeway also claims that the trial court erred in casting Mr. Major in judgment after he had been dismissed without prejudice by stipulation prior to the hearing. Had we ruled against Safeway, we would have amended the judgment to reflect his dismissal. However, since we reverse the judgment of the trial court, this assignment of error is moot.

For the above reasons, the trial court judgment against Safeway is reversed, and we render judgment in favor of Safeway. Costs are assessed to the plaintiffs.

**REVERSED AND RENDERED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.

4