# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 15-1028

WANDA KAHL

VERSUS

TRICKY CHEVALIER,
SAFEWAY INSURANCE CO.,
AND STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO.

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, DOCKET NO. 121529-E
HONORABLE KEITH R. J. COMEAUX, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JAMES T. GENOVESE
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, James T. Genovese, and Shannon J. Gremillion, Judges.

Gremillion, J., concurs and assigns written reasons.

AFFIRMED IN PART,
REVERSED IN PART,
AND REMANDED.

Samuel David Abraham
5040 Ambassador Caffery Parkway
Lafayette, Louisiana 70508
(337) 234-4524
COUNSEL FOR PLAINTIFF/APPELLANT:
    Wanda Kahl

**Tracy L. Oakley**
**Post Office Box 92807**
**200 West Congress Street, Suite 750**
**Lafayette, Louisiana 70509**
**(877) 323-8040**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Safeway Insurance Company of Louisiana**

**GENOVESE, Judge.**

Plaintiff, Wanda Kahl, appeals the trial court's grant of summary judgment in favor of Defendant, Safeway Insurance Company of Louisiana (Safeway). Ms. Kahl also avers that the trial court erroneously denied her motion for partial summary judgment.[1] For the following reasons, we affirm in part and reverse in part the judgment of the trial court and remand for further proceedings.

## DISCUSSION OF THE RECORD

This litigation ensued from a hit-and-run accident which occurred on July 12, 2012. Ms. Kahl filed suit on October 17, 2012, against Tricky Chevalier; Safeway, the purported liability insurer of Mr. Chevalier's vehicle; and, State Farm Mutual Automobile Insurance Company (State Farm), her uninsured/underinsured motorist carrier. In her Petition for Damages, Ms. Kahl alleged that she "was driving her 2011 Toyota Camry in a westerly direction on Jane [Street] in New Iberia," and "[a]t the same time, [Defendant, Tricky Chevalier,] was operating a 1975 Chrysler Cordoba traveling in a westerly direction behind [her.]" She further alleged that she "used her turn signal, and came to a stop in order to make a left turn when [Mr. Chevalier] ran into the back of [her] vehicle[.]" Ms. Kahl filed suit against Safeway, the purported liability company insuring the vehicle which hit her.

---

[1]The denial of a motion for summary judgment is an interlocutory judgment from which, ordinarily, an appeal may not be taken. La.Code Civ.P. art. 968. However, when there is also an appeal from a final judgment, i.e., a trial court's grant of summary judgment, an interlocutory ruling may also be reviewed by the appellate court. *See Mackmer v. Estate of Angelle,* 14-655 (La.App. 3 Cir. 12/10/14), 155 So.3d 125, *writ denied*, 15-69 (La. 4/2/15), 176 So.3d 1031.

Mr. Chevalier and Safeway each answered Ms. Kahl's petition,[2] generally denying the allegations. Following Mr. Chevalier's deposition, however, Safeway amended its answer to deny insurance coverage for the accident based on Mr. Chevalier allegedly making material misrepresentations when he applied for the insurance. Safeway ultimately filed a motion for summary judgment seeking dismissal of the claims of Ms. Kahl and State Farm, using Mr. Chevalier's deposition testimony to substantiate its claim that he "made material misrepresentations with the intent . . . to deceive in order to secure coverage he otherwise could not have obtained." Safeway's motion for summary judgment asserted, in pertinent part:

> In his application to Safeway, [Mr.] Chevalier represented to Safeway that he was the owner and primary driver of [the 1975 Chrysler Cordoba]. [Mr.] Chevalier specifically denied on his application that there were any other drivers. However, [Mr.] Chevalier testified in his deposition that [he] was acting as a front for Joseph Pete. The vehicle was actually purchased by Joseph Pete, and [Mr.] Chevalier agreed to title the vehicle in his name and insure the vehicle in his name. The insurance premium was also paid by Joseph Pete. The vehicle was never garaged at [Mr.] Chevalier's residence, and [Mr.] Chevalier never drove the vehicle. [Mr.] Chevalier admitted that he understood that these facts made it look like he was the owner and driver of the 1975 Chrysler Cordoba.

Safeway sought summary judgment dismissing all of the claims of Ms. Kahl and State Farm.

Relying upon La.R.S. 32:900,[3] Ms. Kahl opposed Safeway's motion for summary judgment, arguing that "[a]ccording to the mandatory provisions of the

---

[2]State Farm filed an answer to the petition and a cross-claim against Mr. Chevalier and Safeway.

[3]Louisiana Revised Statutes 32:900 provides, in pertinent part:

A. A "Motor Vehicle Liability Policy" as said term is used in this Chapter, shall mean an owner's or an operator's policy of liability insurance, certified as provided in R.S. 32:898 or 32:899 as proof of financial responsibility, and issued

Motor Vehicle Safety Responsibility Law, Safeway is statutorily bound to provide coverage to [her]." Ms. Kahl submitted that, as a motor vehicle liability policy, La.R.S. 32:900(F)(1) specifically bars Safeway from denying coverage based upon "intentional material misrepresentations made by Mr. Chevalier in the procurement of the policy."

Ms. Kahl also filed a cross motion for partial summary judgment making the same argument, condemning Safeway's use of Mr. Chevalier's deposition testimony to invalidate its insurance coverage. Ms. Kahl's motion for partial summary judgment asserted that Safeway issued to Mr. Chevalier:

> a motor vehicle liability policy as defined and governed by the Motor Vehicle Safety Responsibility Law (La.R.S. 32:851, et. seq.), particularly including La.R.S. 32:900 which makes Safeway's liability under the policy absolute upon the occurrence of an accident causing injury contemplated by the policy, and which prohibits Safeway from using any statement made by the insured to void the policy.

Ms. Kahl sought summary judgment "finding Safeway liable on its motor vehicle liability policy[.]"

In answer to Ms. Kahl's partial motion for summary judgment, Safeway submitted that there are two distinct forms of insurance policies—an automobile liability policy and a motor vehicle liability policy. According to Safeway, Ms.

---

except as otherwise provided in R.S. 32:899, by an insurance carrier duly authorized to transact business in this state, to or for the benefit of the person named therein as insured.

. . . .

F. Every motor vehicle liability policy shall be subject to the following provisions which need not be contained therein:

(1) The liability of the insurance carrier with respect to the insurance required by this Chapter shall become absolute whenever injury or damage covered by said motor vehicle liability policy occurs; said policy may not be cancelled or annulled as to such liability by an agreement between the insurance carrier and the insured after the occurrence of the injury or damage; no statement made by the insured or on his behalf and no violation of said policy shall defeat or void said policy[.]

Kahl failed to show that the subject policy had been certified as proof of financial responsibility in accordance with La.R.S. 32:898.[4]  Thus, Safeway argued that La.R.S. 32:900 is inapplicable because the subject policy "was never certified as a 'Motor Vehicle Liability Policy' nor as 'proof of financial responsibility' under [La.]R.S. 32:891-910."

A hearing on the parties' cross motions for summary judgment was held on June 18, 2015.  Safeway conceded that La.R.S. 32:900 has "a provision in there that says insurers can't raise certain defenses[;]" however, it argued, "That only applies to the motor vehicle liability policy as defined in that section."  Safeway averred that a motor vehicle liability policy "is a specific and unique policy that is issued by insurance companies in which the insurance company certifies to the State that there is a policy of insurance," and a motor vehicle liability policy "is used as proof of financial responsibility for persons whose license has been suspended and their registration privileges suspended. . . .  And part of the definition of a motor vehicle liability policy is it's got to be certified in accordance with [La.R.S.] 32:898."  Safeway alleged that the subject policy it issued to Mr. Chevalier "is not a motor vehicle liability policy.  It is an automobile liability policy."

---

[4]Louisiana Revised Statutes 32:898 provides:

> A. Proof of financial responsibility shall be furnished by filing with the commissioner an electronic certificate of any insurance carrier duly authorized to do business in this state certifying that there is in effect a motor vehicle liability policy for the benefit of the person required to furnish proof of financial responsibility.  Such electronic certificate shall give the effective date of such motor vehicle liability policy, which date shall be the same as the effective date of the certificate, and shall designate by explicit description or by appropriate reference all motor vehicles covered thereby, unless the policy is issued to a person who is not the owner of a motor vehicle.

> B. No motor vehicle shall be or continue to be registered in the name of any person required to file proof of financial responsibility unless such motor vehicle is so designated in such a certificate.

Ms. Kahl countered, offering the insurance identification cards that Safeway issued to Mr. Chevalier. According to Ms. Kahl, the insurance identification cards issued by Safeway state that they were issued in accordance with La.R.S. 32:863.1(A)(1)(a)[5] and constitute written evidence of motor vehicle liability insurance as defined in La.R.S. 32:900.

The trial court denied Ms. Kahl's partial motion for summary judgment and granted Safeway's motion for summary judgment resulting in a July 22, 2015 judgment dismissing, with prejudice, the claims of Ms. Kahl and State Farm against Safeway.[6] Ms. Kahl appeals.

## ASSIGNMENT OF ERROR

On appeal, Ms. Kahl submits the following assignment of error for our consideration:

> The trial court committed reversible error in granting the motion for summary judgment filed by Safeway Insurance Company and in not granting the Motion for Partial Summary Judgment filed by Petition[er], Wanda Kahl. In so ruling, the trial court (a) erroneously accepted Safeway's argument that there is a distinction between an "automobile liability policy" and a "motor vehicle liability insurance policy" under the Louisiana Motor Vehicle Safety Responsibility Law

---

[5]Louisiana Revised Statutes 32:863.1 provides, in pertinent part:

>  A. No owner or lessee of a self-propelled motor vehicle registered in this state, except a motor vehicle used primarily for exhibit or kept primarily for use in parades, exhibits, or shows, or agricultural or forest use vehicles during seasons when they are not used on the highways, shall operate or allow the operation of such vehicle upon any public road, street, or highway in this state unless there is contained within the vehicle one of the following documents evidencing that the motor vehicle is in compliance with R.S. 32:861 relative to compulsory motor vehicle liability security:
>
>  (1) A certificate of insurance. "Certificate" means the written evidence of motor vehicle liability insurance as defined in R.S. 32:900 that is in the form of one of the following:
>
>  (a) An insurance identification card, a photocopy of the card, or an image of the card displayed on a mobile electronic device, issued by an insurer to its insured. . . .

[6]Neither oral nor written reasons were given by the trial court for its ruling.

(La.R.S. 32:851 et seq), and (b) erroneously determined that Safeway's Policy was not a "motor vehicle liability insurance policy" as contemplated by the [Louisiana Motor Vehicle Safety Responsibility Law], including La.R.S. 32:900(F)(1).

## STANDARD OF REVIEW

In *Morein v. Acme Land Co.*, 15-135, pp. 8-9 (La.App. 3 Cir. 6/3/15), 166 So.3d 1227, 1233-34 (quoting *Matte v. Brown*, 14-644, pp. 3-5 (La.App. 3 Cir. 12/10/14), 154 So.3d 774, 777-78), this court revisited the law relative to summary judgment to explain recent legislative changes:

"Appellate review of the granting of a motion for summary judgment is de novo, using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate." *Smitko v. Gulf S. Shrimp, Inc.*, 11-2566, p. 7 (La. 7/2/12), 94 So.3d 750, 755.

Although amended multiple times in the last three years, summary judgment proceedings are still favored and are "designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969." La.Code Civ.P. art. 966(A)(2). That article further provides:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. If the motion for summary judgment is denied, the court should provide reasons for the denial on the record, either orally upon rendition or in writing sua sponte or upon request of a party within ten days of rendition.

La.Code Civ.P. art. 966(B)(2).

Moreover, the burden of proof remains the same:

The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to

6

the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

La.Code Civ.P. art. 966(C)(2).

The most significant change to summary judgment procedure relates to the requirements of proof. Louisiana Code of Civil Procedure Article 966(F) . . . now provides:

(1) A summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time.

(2) Evidence cited in and attached to the motion for summary judgment or memorandum filed by an adverse party is deemed admitted for purposes of the motion for summary judgment unless excluded in response to an objection made in accordance with Subparagraph (3) of this Paragraph. Only evidence admitted for purposes of the motion for summary judgment may be considered by the court in its ruling on the motion.

(3) Objections to evidence in support of or in opposition to a motion for summary judgment may be raised in memorandum or written motion to strike stating the specific grounds therefor.

## DISCUSSION

At the outset, we consider Ms. Kahl's argument that the trial court incorrectly classified the policy as an automobile liability policy, not a motor vehicle liability policy. This argument suggests that if the trial court erred in this regard, then it logically flows that the trial court also erred in permitting statements made by Mr. Chevalier during his deposition to be used by Safeway to deny coverage for this accident.

Ms. Kahl submitted an insurance identification card and exclusion of driver form issued to Mr. Chevalier. She argues that "Safeway issued insurance

identification cards which state that it was issued in accordance with La.R.S. 32:863.1(A)(1)(a) which, in turn, provides that the insurance identification card constitutes 'written evidence of motor vehicle liability insurance as defined by [La.]R.S. 32:900.'" We disagree.

Pursuant to La.R.S. 32:900(A), a motor vehicle liability policy "shall mean an owner's or an operator's policy of liability of insurance, certified as provided in [La.]R.S. 32:898 . . . as proof of financial responsibility[.]" Louisiana Revised Statutes 32:898(A) provides that a motor vehicle liability policy is obtained "by filing with the commissioner an electronic certificate . . . certifying that there is in effect a motor vehicle liability policy for the benefit of the person required to furnish proof of financial responsibility." Evaluating the record, we find that the evidence presented by Ms. Kahl may conform to the terms of La.R.S. 32:863.1, but it does not comply with the evidence required by La.R.S. 32:898 to prove that the subject policy is a motor vehicle liability policy under La.R.S. 32:900. Consequently, the trial court's denial of Ms. Kahl's partial motion for summary judgment is affirmed.

We next consider Ms. Kahl's argument that the trial court erred in granting Safeway's motion for summary judgment relative to the issue of material misrepresentation. Louisiana Revised Statutes 22:860,[7] which deals with misrepresentations made in insurance applications, provides:

> A. Except as provided in Subsection B of this Section, R.S. 22:1314, and 1315, no oral or written misrepresentation or warranty made in the negotiation of an insurance contract, by the insured or in his behalf, shall be deemed material or defeat or void the contract or

---

[7]Louisiana Revised Statutes 22:860 was formerly cited as La.R.S. 22:619. It was renumbered by 2008 La. Acts No. 415, § 1, which became effective January 1, 2009.

prevent it attaching, unless the misrepresentation or warranty is made with the intent to deceive.

B. In any application for life, annuity, or health and accident insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless either one of the following is true as to the applicant's statement:

(1) The false statement was made with actual intent to deceive.

(2) The false statement materially affected either the acceptance of the risk or the hazard assumed by the insurer under the policy.

We have previously held that in interpreting this statute, an insurer has the burden of proving whether an insured made material misrepresentations sufficient to rescind the automobile insurance policy. *Abshire v. Desormeaux*, 07-626 (La.App. 3 Cir. 11/7/07), 970 So.2d 1188, *writ denied*, 08-226 (La. 4/4/08), 978 So.2d 326. We note that our colleagues in the second circuit interpreted La.R.S. 22:860 to mean that an insurance policy may be voided if an insurer proves that: "(1) the insured made a false statement; (2) the false statement was material; and (3) it was made with intent to deceive." *Willis v. Safeway Ins. Co. of La.*, 42,665, p. 6 (La.App. 2 Cir. 10/24/07), 968 So.2d 346, 350 (citing *West v. Safeway Ins. Co. of La.*, 42,028 (La.App. 2 Cir. 3/21/07), 954 So.2d 286). This court recently explained that "[i]ntent to deceive under La.R.S. 22:860 is determined from circumstances indicating the insured's knowledge of the falsity of the representations made in the application." *Burley v. New York Life Ins. Co.*, 15-263, p. 7 (La.App. 3 Cir. 11/25/15), 179 So.3d 922, 930 (citing *State Farm Mut. Auto. Ins. Co. v. Bridges*, 45,162 (La.App. 2 Cir. 5/19/10), 36 So.3d 1142). Further, "[t]o prove materiality of a false statement under La.R.S. 22:860, the *insurer* must show that the statement was 'of such a nature that, had it been true, the insurer

9

would either not have contracted or would have contracted only at a higher premium rate.'" *Id.* (quoting *Ned v. Magnolia Life Ins.*, 590 So.2d 733, 735 (La.App. 3 Cir.1991)).

The record contains the deposition testimony of Mr. Chevalier offered by Safeway. Mr. Chevalier denied owning the 1975 Chrysler Cordoba. He claimed to have provided false information to purchase the vehicle and to procure insurance coverage. Specifically, Mr. Chevalier alleged that, although he was listed on the title as the owner of the 1975 Chrysler Cordoba, the actual owner and possessor of the vehicle is his cousin, Joseph Pete. With regard to this accident, Mr. Chevalier denied having possession of the 1975 Chrysler Cordoba, and he speculated that it was being driven by Mr. Pete when the accident occurred.

Safeway analogizes the present case to *Abshire*, 970 So.2d 1188. Though we find *Abshire* comparable, there is an important distinction. *Abshire* involved a judgment after a trial on the merits, not a motion for summary judgment.

We also find *Willis*, 968 So.2d 346, noteworthy for its procedural history. In *Willis*, liability coverage was ultimately barred after the insured failed to disclose her live-in boyfriend as an operator of the vehicle or as a member of her household. However, in the initial stage of the litigation, the insurer filed a motion for summary judgment asserting the defense of material misrepresentation. The trial court denied the motion; the matter preceded to a trial on the merits; and, judgment in favor of the plaintiff was rendered. The insurer appealed, reiterating the material misrepresentation defense. The appellate court reversed the trial court, citing its ability to examine all of the evidence presented within the context of a trial on the merits.

While we recognize that Mr. Chevalier's testimony lends to an inference that he made misrepresentations when he applied for the insurance, we are also cognizant of the summary judgment jurisprudence relative to subjective facts and credibility determinations. Summary judgment is inappropriate for judicial determination of subjective facts, such as motive, intent, good faith or knowledge, which call for credibility evaluations and the weighing of testimony. *Morein*, 166 So.3d 1227. Unquestionably, Mr. Chevalier's testimony is self-serving. He deflects blame for a hit-and-run accident. To rule in Safeway's favor on summary judgment requires a credibility determination, a determination which must be left to the trial court after a trial on the merits, not a motion for summary judgment.

Considering the record, we find that there remain genuine issues of material fact germane to Safeway's defense of material misrepresentation. The trial court's reliance upon Mr. Chevalier's testimony to dismiss Ms. Kahl's claims using the procedural device of a motion for summary judgment is erroneous. Therefore, we reverse the trial court's grant of Safeway's motion for summary judgment dismissing, with prejudice, the claims of Ms. Kahl and State Farm against Safeway, and we remand for further proceedings consistent with this opinion.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed in part, reversed in part, and this matter is remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed equally to Plaintiff/Appellant, Wanda Kahl, and Defendant/Appellee, Safeway Insurance Company.

**AFFIRMED IN PART,**
**REVERSED IN PART,**
**AND REMANDED.**

11

WANDA KAHL

VS.

TRICKY CHEVALIER, ET AL

**GREMILLION, Judge, concurring.**

The plaintiff appeals the trial court's grant of summary judgment in favor of the defendant, Safeway. The majority agrees with the plaintiff that summary judgment should not have been awarded, and so do I. However, I cannot agree with all of the reasoning provided by the majority. Thus, I write to concur.

Actually, on the sole and only issue argued by the parties, the majority agrees with Safeway. The plaintiff seeks to classify what is clearly an "automobile liability policy" as the far more rare animal known as a "motor vehicle liability insurance policy." On that basis, the plaintiff seeks to use certain technicalities in the law dealing with a "motor vehicle liability insurance policy" to prevent Safeway from denying coverage. The majority does an excellent job of explaining the frailties of the plaintiff's argument, and it properly concludes not only that the trial court's denial of the plaintiff's partial motion for summary judgment (on that issue) should be affirmed, but also that it would have been improper for the trial court to

deny Safeway's motion for summary judgment based on that argument. I completely agree.

The real importance of the trial court's interpretation of the above-discussed insurance rules is that they allow Safeway to avoid coverage if it can prove that the insured made material misrepresentations of fact with the intent of obtaining insurance he would not have otherwise been able to obtain. Louisiana law and jurisprudence sets a very high bar for any insurance company attempting to deny coverage based on a misrepresentation of fact. Specifically, it requires that three things be proven:

1. There must be a false statement;

2. There must be an actual intent to deceive; and

3. The insurance company must have relied on the false statement in a material way when it issued the policy.

In this case, there is absolutely no dispute that the first two of those three things have been proven. The plaintiff assigned no error as to those two factors (indeed, the plaintiff assigned no error as to any of three factors). In brief, the plaintiff never argued that no misrepresentations had been made. On the contrary, she admitted to those misrepresentations. Furthermore, in oral argument, plaintiff's counsel himself admitted that misrepresentations had been made. In other words, both parties have agreed without equivocation or contradiction that the putative insured did make misrepresentations of fact.

Despite this agreement between all the parties, and of course, the undisputed evidence in the record, the majority writes that there is a genuine issue of material fact as to whether these misrepresentations were made. Moreover, the majority finds that none of the material misrepresentation factors were proven, because they were based only on the testimony of one person, and that testimony is "self-serving" and were the majority to accept such testimony, it would be making a "credibility determination" relative to "subjective facts." The majority is wrong, and I must disagree.

If there were evidence in the record (and there is) that a false statement was made with the intent to deceive, and there were other evidence in the record indicating that no false statement was made (and there is no such evidence), then the majority would be correct. It would be required to make a credibility determination in order to determine whether those statements were made. In this case, the evidence is not in dispute. There is no evidence to countervail the relevant and admissible evidence in the record regarding those statements. Thus, not only is this court allowed to determine that there is no genuine issue of material fact regarding whether or not those statements were made, it is required to make that determination. Thus, the first two elements mentioned above were established and there is no genuine issue of material fact regarding those issues.

However, as an almost purely technical matter, the insurance company failed to put on evidence that it relied to its detriment on those material misrepresentations. While there is evidence in the record that misrepresentations were made with the intent to deceive, there is no evidence in the record that those misrepresentations were, in fact, "material." Because Safeway submitted nothing into evidence with regard to that third element, the burden never shifted to the plaintiff to prove that there was a genuine issue of material fact as to that issue. Summary judgment, therefore, should not have been granted. Accordingly, while I disagree with the majority's reasoning, I do agree with its result.